**UNITED STATES DISTRTICT COURT**
**SOUTHER DISTRICT OF OHIO**
**EASTERN DIVISION**

**JEFFREY MAYER,** *et al.***,**

      **Plaintiffs,**

                                   **Civil Action 2:15-cv-2896**
  **v.**                              **Judge Gregory L. Frost**
                                   **Magistrate Judge Elizabeth P. Deavers**

**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY,**

      **Defendant.**

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiffs' Motion to Compel (ECF

No. 24), Defendant's Memorandum in Opposition (ECF No. 25), Plaintiffs' Reply (ECF No. 26),

and Plaintiffs' Notice of Filing Supplemental Authority (ECF No. 27).  For the reasons that

follow, Plaintiffs' Motion is **GRANTED IN PART AND DENIED IN PART**.

**I.**

On May 14, 2013, a fire occurred to a home owned by Plaintiffs, Jeffrey Mayer and Vicki

Sturgeon Mayer, and insured by Defendant, Allstate Vehicle and Property Insurance Company

("Allstate").  KeyBank National Association ("KeyBank") had issued a line of credit to Plaintiffs

that was secured by the property.  Plaintiffs made a claim for coverage.  Allstate denied

Plaintiffs' claim, stating in a letter dated December 16, 2013, that the fire had been classified as

incendiary.

On April 22, 2014, Plaintiffs commenced a civil action against Allstate in the Franklin

County Court of Common Pleas and also named KeyBank as a defendant ("Original State-Court

Action").  (ECF No. 2-3.)  During the pendency of the Original State-Court Action, Plaintiffs, as part of their discovery requests, sought a copy of the insurance claims file relating to their fire loss claim.  Allstate produced the file, but withheld or redacted approximately ten percent of the file on the grounds that the documents contain irrelevant trade secret information or are protected by the attorney-client privilege or as attorney work product.  Allstate produced a privilege log detailing its bases for redacting or withholding particular documents.  Plaintiffs filed a motion to compel Allstate's production of the withheld and redacted documents, and Allstate contemporaneously moved for a protective order.  In July 2015, with the parties' cross discovery motions still pending, Plaintiffs dismissed the Original State-Court Action without prejudice.  (ECF No. 2-4.)

On September 8, 2015, Plaintiffs re-filed their Complaint against Allstate and KeyBank in the Franklin County Court of Common Pleas.  (ECF No. 2-5.)  Plaintiffs served Allstate with the Complaint on September 14, 2015.  On October 12, 2015, Allstate removed the instant action to this Court on the basis of diversity jurisdiction.  (ECF No. 1.)   Allstate contemporaneously moved for realignment of KeyBank as a plaintiff based upon its interests being aligned with Plaintiffs and against Allstate.  (ECF No. 3.)  The Court granted Allstate's unopposed Motion to Realign Parties.  (ECF No. 12.)  In their Complaint, Plaintiffs assert claims for breach of contract and bad faith against Allstate and also seek a declaratory judgment pursuant to Ohio Revised Code §§ 2721.03 and 2721.04 that Allstate is obligated to KeyBank for the outstanding balance on the line of credit it issued to Plaintiffs.

The Court held a preliminary pretrial conference on November 17, 2015.  During this conference, the parties agreed to use the discovery obtained during the Original State-Court Action.  (*See* Nov. 17, 2015 Preliminary Pretrial Order 2, ECF No. 15.)  The parties also advised

the Court that while the case was pending in the Original State-Court Action, the parties had

reached an impasse regarding Allstate's refusal to produce certain documents from the insurance

claims file that Plaintiffs had requested.  Based upon the parties' representations, the Court

ordered Plaintiffs to "file an appropriate motion" by December 15, 2015.  (*Id*. at 15.)

Plaintiffs filed the subject Motion to Compel on December 15, 2015.  (ECF No. 24.)

Plaintiffs seek an order compelling Allstate to produce a complete, unredacted copy of the

insurance claims file, including all correspondence with Allstate's legal counsel.  According to

Plaintiffs, all of the documents Allstate has withheld and/or redacted were created prior to its

denial of their claim.  Plaintiffs assert that any withholding premised upon reasons other than on

the basis of an attorney-client or work-product designation is improper.  Plaintiffs further argue

that because Allstate's lead adjuster reviewed the Allstate's Claim History Report in an un-

redacted form prior to his deposition, the entire report must be produced in un-redacted form.

Plaintiffs conclude that all remaining documents should be submitted to this Court for *in camera*

inspection.

In its Memorandum in Opposition, Allstate asserts that Plaintiffs' Motion to Compel

should be denied as premature given that they have not propounded a formal discovery request

seeking the insurance claims file in the instant action.  Allstate also asserts that Plaintiffs' Motion

is premature because they failed to attempt extrajudicial resolution prior to filing it.  Allstate

alternatively argues that the some of documents at issue are not discoverable because they are

not relevant and contain trade secret information and that other documents are protected from

disclosure by the attorney-client privilege and as attorney-work product.

In their Reply, Plaintiffs point out that the parties had discussed their dispute over the

documents at issue during the November 17, 2015 preliminary pretrial conference and that based

upon the parties' agreement, the Court had established a briefing schedule for the subject Motion to Compel in lieu of requiring the parties to re-submit formal discovery.  Plaintiffs maintain that Allstate's arguments concerning the prematurity of the subject discovery dispute should therefore be rejected.  With regard to Allstate's assertion that some of the documents at issue are not relevant, Plaintiffs counter that "there is some importance . . . otherwise they would not be in the file."  (Pls.' Reply 10, ECF No. 26.)

## II.

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests.  Fed. R. Civ. P. 37(a)(1).

Determining the scope of discovery is within the Court's discretion.  *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998).  As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad."  *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  Federal Rule of Civil Procedure 26(b)(1), which sets forth the permissible scope of discovery, provides as follows:

> **(1) Scope in General**. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"[T]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Guinn v. Mount Carmel Health Sys.*, No. 2:09-cv-226, 2010 WL 2927254, at \*5 (S.D. Ohio July 23, 2010) (Kemp, J.) (quoting *Clumm v. Manes*, No. 2:08–cv–567 (S.D. Ohio May 27, 2010) (King, J.)); *see also Berryman v. Supervalu Holdings, Inc.*, No. 3:05-cv-169, 2008 WL 4934007, at \*9 (S.D. Ohio Nov. 18, 2008) ("At least when the relevance of a discovery request has been challenged the burden is on the requester to show the relevance of the requested information.") (internal citation omitted)).

### III.

As a threshold matter, the Court rejects Allstate's contention that Plaintiffs' Motion is premature. The Court's approval of parties' agreement to rely upon the discovery sought and obtained in the Original State-Court Action relieved Plaintiffs of any obligation to renew their discovery requests in order to preserve their dispute concerning the withheld and redacted documents. In addition, the Court set a briefing schedule for the subject motion based upon the parties' representation that the dispute had reached an impasse. The Court therefore declines to deny the subject Motion based upon the absence of a certification from Plaintiffs reflecting that they had conferred with Allstate regarding the unresolved discovery disputes.

As set forth above, Allstate has withheld or redacted documents in the insurance claim files on the grounds that they are protected by the attorney-client privilege and the work-product doctrine or because they lack relevance and contain trade secret information. The Court considers Allstate's asserted bases for redacting or withholding the documents in turn.

### A.     The Attorney-Client Privilege

"Ohio's attorney-client privilege is governed by both common law and statute." *In re Prof'ls Direct Ins. Co.*, 578 F.3d 432, 440 (6th Cir. 2009). In *Boone v. Vanliner Ins. Co.*, 91

Ohio St.3d 209 (2001), the Ohio Supreme Court created an exception to Ohio's attorney-client

privilege for claims file materials in actions alleging bad faith denial of insurance coverage:

> [W]e hold that in an action alleging bad faith denial of insurance coverage, the
> insured is entitled to discover claims file materials containing attorney-client
> communications related to the issue of coverage that were created prior to the
> denial of coverage.  At that stage of the claims handling, the claims file materials
> will not contain work product, *i.e.*, things prepared in anticipation of litigation,
> because at that point it has not yet been determined whether coverage exists.

*Id*. at 213–14.  The *Boone* Court concluded that documents "created prior to the denial of

coverage" that "contain information related to the bad faith claim" are "unworthy of protection."

*Id*. at 213; *see also Unklesbay v. Fenwick*, 167 Ohio App.3d 408, 415 (Ohio Ct. App. 2006)

(relying upon *Boone* to conclude that "claims-file materials showing an insurer's lack of good

faith in processing, evaluating, or refusing to pay a claim are unworthy of the protection afforded

by the attorney-client or work-product privilege").

Both Ohio courts construing *Boone* and federal courts construing Ohio authority have

concluded that courts evaluating the discoverability of otherwise privileged claims file materials

must consider whether the documents at issue "may cast light" on whether the insurer acted in

bad faith.  *See, e.g.*, *id*. at ¶ 22; *Garg v. State Auto. Mut. Ins. Co*., 155 Ohio App.3d 258, 265

(Ohio Ct. App. 2003); *DeVito v. Grange Mut. Cas. Co.*, 2013–Ohio–3435, ¶ 16 (Ohio Ct. App.

2013); *In re Prof'ls Direct*, 578 F.3d at 442; *Decker v. Chubb Nat'l Ins. Co*. No. 1:15-cv-88,

2015 WL 5954584, at *2 (S.D. Ohio Oct. 14, 2015); *Chubb Custom Ins. Co. v. Grange Mut. Cas.*

*Co*., No. 2:07-cv-1285, 2012 WL 1340369, at *4 (S.D. Ohio Apr. 17, 2012); *Stafford v. Jewelers*

*Mut. Ins. Co.*, No 3:12-cv-50, 2012 WL 6568325, at *2 (S.D. Ohio Dec. 17, 2012).

Allstate argues that following *Boone*, Ohio's legislature amended Ohio's testimonial

privilege statute, Ohio Revised Code Section 2317.02(A), to require "an insured to proffer some

proof an insurer's *actual* bad faith in order to discovery privileged claim file communications."

(Allstate's Mem. in Opp. 14, ECF No. 25.)

The Ohio General Assembly amended Section 2317.02(A), effective October 2007, to

include subpart two.  Section 2317(A) provides, in pertinent part, as follows:

> The following persons shall not testify in certain respects:
>
> (A)(1) An attorney, concerning a communication made to the attorney by a client in that relation or concerning the attorney's advice to a client, except that the attorney may testify by express consent of the client or, if the client is deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of the deceased client. However, if the client voluntarily reveals the substance of attorney-client communications in a nonprivileged context or is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the attorney may be compelled to testify on the same subject.
>
> \*       \*       \*
>
> (2) An attorney, concerning a communication made to the attorney by a client in that relationship or the attorney's advice to a client, except that if the client is an insurance company, the attorney may be compelled to testify, subject to an in camera inspection by a court, about communications made by the client to the attorney or by the attorney to the client that are related to the attorney's aiding or furthering an ongoing or future commission of bad faith by the client, if the party seeking disclosure of the communications has made a prima-facie showing of bad faith, fraud, or criminal misconduct by the client.

Ohio Rev. Code § 2317(A).

In *In re Professionals Direct,* the Sixth Circuit concluded that subsection one of Section

2317(A) does not apply to the production of documents, reasoning as follows:

> [B]y its terms § 2317.02(A) applies to attorney testimony, not documents held by defendants. *State ex rel Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 824 N.E.2d 990, 996 (2005) ("R.C. 2317.02(A), by its very terms, is a mere testimonial privilege precluding an attorney from testifying about confidential communications."); *Grace v. Mastruserio*, 2007 WL 2216080 at \*3 (Ohio Ct.App. 2007) ("A plain reading of the statute clearly limits the statute's application to cases in which a party is seeking to compel testimony of an attorney for trial or at a deposition—as opposed to cases where a party is seeking to compel production of nontestimonial documents.").

578 F.3d at 440. The *In re Professionals Direct* Court declined to interpret the scope of subsection two because it found that the amendment was prospective in application and was enacted after the suit was filed. *Id*. at 441.

But courts considering the scope of subsection two of Section 2317(A) have concluded that, like subsection one, the plain language makes clear that it applies only to testimony, not documents. *See, e.g.*, *Little Italy Dev., LLC v. Chicago Title Ins. Co.*, No. 1:11-cv-112, 2011 WL 4944259, at *2–3 (N.D. Ohio Oct. 17, 2011) (concluding that "a plain reading of the language in subsection (A)(2) compels the same result" as subsection (A)(1) and "limits the statute's application to cases in which a party is seeking to compel testimony of an attorney"); *Tallmadge Spinning & Metal Co. v. Am. States Ins. Co.*, No. 5:15-cv-1763 (N.D. Ohio February 11, 2016 Order, ECF No. 23 at *3) (holding that the plaintiffs were "not required to make a *prima facie* case of bad faith in order to discover the file documents" because the plain language of subsection two applies only to testimony, not documents); *cf. Grange Mut.*, 2012 WL 1340369, at *6 (applying § 2317(A)(2) to conclude that the plaintiffs must offer more than speculation of bad faith to "override the evidentiary privilege the ordinarily insulates the testimony from the discovery process," but declining to extend the statute's scope to documents that had been redacted on the basis of attorney-client privilege). Other courts have applied *Boone* to requests for claims file documents without explicit consideration of whether Ohio's amended testimonial privilege applies to documents. *See, e.g.*, *Decker*, 2015 WL 5954584, at *2–4; *Stafford*, 2012 WL 6568325, at *2–3.

Significantly, Allstate fails to identify even a single case reaching a different conclusion regarding the scope of Section 2317(A)(2). Rather, Allstate asks the Court to rely upon the

following committee note accompanying the amendment to Section 2317(A) to conclude that

subsection two applies to documents:

> The General Assembly declares that the attorney-client privilege is a substantial right and that it is the public policy of Ohio that all communications between an attorney and a client in that relation are worthy of the protection of privilege, and further that where it is alleged that the attorney aided or furthered an ongoing or future commission of insurance bad faith by the client, that the party seeking waiver of the privilege must make a prima facie showing that the privilege should be waived and the court should conduct an in camera inspection of disputed communications. The common law established in *Boone v. Vanliner Ins. Co.* (2001), 91 Ohio St.3d 209, *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, and *Peyko v. Frederick* (1986), 25 Ohio St.3d 164, is modified accordingly to provide for judicial review regarding the privilege.

(Allstate's Mem. in Opp. 14–15 (quoting Am. Sub. S.B. 117, 126th Assem., Reg. Sess. (Ohio

2006), 2006 Ohio Laws File 198).)  In *Little Italy*, the trial court rejected this very argument,

reasoning as follows:

> [The defendant insurer] points out that the explanatory notes to the amendment provide that "the common law established in *Boone* . . . , is modified accordingly to provide for judicial review of the privilege."  According to [the defendant insurer], the explanatory notes clarify that *Boone* is no longer good law and that prior to obtaining privileged documents, [the plaintiff] must make a *prima facie* showing of bad faith.  This Court disagrees.  As an initial matter, the Court finds that the statutory language is clear on its face.  Therefore, resort to the explanatory notes is not proper.  Moreover, the Court finds that the explanatory notes can be read in conjunction with *Boone*.  *Boone* created an "exception" to the attorney-client privilege.  The amendment to O.R.C. § 2317.02(A) provides that the *Boone* exception cannot be applied to the testimonial privilege.  Thus, while the exception may apply to the production of documents, it cannot be applied to the testimonial privilege absent a *prima facie* showing of bad faith.  Accordingly, the Court finds that the amendment to O.R.C. § 2317.02(A) did not overrule *Boone*.  Because [the plaintiff] seeks the production of documents, as opposed to attorney testimony, O.R.C. § 2317.02(A)(2) does not apply.

2011 WL 4944259, at *3.  The Court agrees with and adopts the *Little Italy* Court's analysis and

conclusion.

In sum, the Court concludes Ohio's testimonial privilege statute does not apply

documents.  Thus, attorney-client communications in the insurance claims file that were created

9

prior to the denial of coverage are discoverable under the *Boone* exception so long as they "may cast light" on whether Allstate acted in bad faith.  The Court further advises that in assessing whether a particular document "may cast light" on the issue of bad faith, it declines to assess the merits of the case at this stage of the litigation.  As this Court explained in *Grange Mutual* and again in *Decker*:

> "[T]he Court is not passing judgment as to whether the documents discussed herein ultimately support or undermine the parties' claims or defenses.  Rather, if a document is relevant to the issue of coverage, claim processing, or other bases set forth in [the party's] bad faith claim, then pursuant to the *Boone* standard, it is discoverable."

*Decker*, 2015 WL 5954584, at 3–4 (quoting *Grange Mutual*, No. 2:07-cv-1285 (S.D. Ohio May 11, 2012), ECF No. 142 at 2 n.1).

Keeping the foregoing guidance in mind, Allstate is **ORDERED** to produce any documents created prior to the denial of coverage that it previously redacted or withheld from production on the grounds of attorney-client privilege that "may cast light" on the issue of whether it acted in bad faith **WITHIN FOURTEEN (14) DAYS**.  To the extent Allstate continues to maintain that any of the documents it has redacted or withheld on the grounds of attorney-client privilege remain non-discoverable, it is **ORDERED** to submit the documents for *in camera* review **WITHIN FOURTEEN (14) DAYS**.  *See DeVito*, 2013–Ohio–3435 at ¶ 16 ("[C]ourts have determined that an *in camera* review of the claims file is appropriate to determine which materials in the claims file are relevant to the bad-faith claim."); *Stewart v. Siciliano*, 2012–Ohio–6123, ¶¶ 2, 56 (Ohio Ct. App. 2012) (indicating that the trial court should have conducted an *in camera* review).  Allstate must provide a privilege log that complies with Rule 26(b)(5)(A) covering any documents redacted or withheld to enable Plaintiffs and the Court

to assess its assertion of privilege.  Upon receipt, the Court will determine which, if any, of the documents must be produced.

At this juncture, the Court declines to consider Plaintiffs' waiver argument relating to the Claims History Report because Allstate's forthcoming production may render this issue moot.

**B.      The Work-Product Doctrine**

"The work-product doctrine is a procedural rule of federal law" governed by Rule 26. *In re Prof'ls Direct Ins. Co.*, 578 F.3d at 439.  Rule 26(b)(3) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . ."  Fed. R. Civ. P. 26(b)(3).  As the language of Rule 26 reflects and the Advisory Committee notes confirm, materials can be the subject of the work-product doctrine even if a non-attorney creates them.  *See* Fed. R. Civ. P. 26(b)(3) Advisory Committee Notes, 1970 Amendment ("Subdivision (b)(3) reflects the trend of the cases by requiring a special showing, not merely as to materials prepared by an attorney, but also as to materials prepared in anticipation of litigation or preparation for trial by or for a party or any representative acting on his behalf.").

In the instant case, whether the documents Allstate redacted or withheld are protected from disclosure under the federal work-product doctrine turns on whether they were prepared in anticipation of litigation.  The Sixth Circuit has offered the following guidance for assessing a party's assertion that a document was prepared in anticipation of litigation:

> To determine whether a document has been prepared "in anticipation of litigation," and is thus protected work product, we ask two questions: (1) whether that document was prepared "because of" a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable. *United States v. Roxworthy*, 457 F.3d 590, 594 (6th Cir. 2006).  If a document is prepared in anticipation of

litigation, the fact that it also serves an ordinary business purpose does not deprive it of protection, *id*. at 598–99, but the burden is on the party claiming protection to show that anticipated litigation was the "driving force behind the preparation of each requested document." *Roxworthy*, 457 F.3d at 595 (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992)).

*In re Prof'ls Direct Ins. Co.*, 578 F.3d at 439.

The privilege log Allstate provided to Plaintiffs and attached to its Memorandum in Opposition, (ECF No. 25-2), fails to describe the documents with enough detail to allow the Court to evaluate whether it has satisfied its burden of demonstrating that the documents in question were prepared in anticipation of litigation. Accordingly, to the extent Allstate continues to maintain that any of the documents it has redacted or withheld as protected under the federal work-product doctrine remain non-discoverable, it is **ORDERED** to submit the documents for *in camera* review **WITHIN FOURTEEN (14) DAYS**, together with a privilege log that complies with Rule 26(b)(5)(A). Upon receipt, the Court will determine which, if any, of the documents must be produced.

## C.  Relevancy and Trade Secret

Finally, Allstate asserts that some of the documents it redacted or withheld contain "proprietary matters and/or trade secrets which are not relevant to the case at bar." (Allstate's Mem. in Opp. 18, ECF No. 25.) As discussed above, it is Plaintiffs' burden to demonstrate relevancy. The Court disagrees with Plaintiffs' apparent contention that they have satisfied this burden because anything contained in the insurance claims file must be relevant. The problem here, however, is that the descriptions of the documents Allstate provided in the privilege log fail to convey enough information to enable Plaintiffs or this Court to evaluate whether the at-issue documents are relevant to a claim or defense in this action.

Accordingly, the Court **DIRECTS** Allstate to provide more detailed descriptions of the documents it redacted or withheld on the basis of relevancy **WITHIN FOURTEEN (14) DAYS**. To the extent that the parties agree that a particular document is relevant but contains trade secret information, the parties should collaborate to agree upon a protective order to facilitate production.  If the parties are unable to agree upon the relevancy of a particular document, Allstate is **ORDERED** to submit the disputed documents for *in camera* review.

## IV.

For the reasons set forth above, Plaintiffs' Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.  (ECF No. 24).  Allstate is **ORDERED** to produce documents, submit documents for *in camera* review, and revise its privilege log consistent with the foregoing.

**IS SO ORDERED.**

Date: April 22, 2016                          /s/ Elizabeth A. Preston Deavers_____
                                            ELIZABETH A. PRESTON DEAVERS
                                            UNITED STATES MAGISTRATE JUDGE