**UNITED STATES DISTRTICT COURT**
**SOUTHER DISTRICT OF OHIO**
**EASTERN DIVISION**

**JEFFREY MAYER,** *et al.***,**

      **Plaintiffs,**

                              **Civil Action 2:15-cv-2896**
  **v.**                                 **Judge Algenon L. Marbley**
                              **Magistrate Judge Elizabeth P. Deavers**

**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY,**

      **Defendant.**

**OPINION & ORDER**

This matter is before the Court for consideration of the April 22, 2016 Opinion and Order (ECF No. 31) of the United States Magistrate Judge and the May 6, 2016 Objection to the Report and Recommendation (ECF No. 35) filed by Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"). For the reasons that follow, Allstate's Objection is **OVERRULED WITHOUT PREJUDICE** to refiling an objection **WITHIN SEVEN (7) DAYS**.

**I.**

In the April 22, 2016 Opinion and Order, the Magistrate Judge considered the viability of Plaintiffs' Motion to Compel in which Plaintiffs sought an order compelling Allstate to produce a complete, unredacted copy of the insurance claims file, including all correspondence with Allstate's counsel. As a threshold matter, the Magistrate Judge rejected Allstate's contention that Plaintiffs' Motion was premature.

The Magistrate Judge granted Plaintiffs' Motion in part and denied it in part.  With regard to documents which Allstate has asserted are protected from disclosure by the attorney-client privilege, the Magistrate Judge ordered Allstate as follows:

> Allstate is **ORDERED** to produce any documents created prior to the denial of coverage that it previously redacted or withheld from production on the grounds of attorney-client privilege that "may cast light" on the issue of whether it acted in bad faith **WITHIN FOURTEEN (14) DAYS**.  To the extent Allstate continues to maintain that any of the documents it has redacted or withheld on the grounds of attorney-client privilege remain non-discoverable, it is **ORDERED** to submit the documents for *in camera* review **WITHIN FOURTEEN (14) DAYS**.  . . . Allstate must provide a privilege log that complies with Rule 26(b)(5)(A) covering any documents redacted or withheld to enable Plaintiffs and the Court to assess its assertion of privilege.  Upon receipt, the Court will determine which, if any, of the documents must be produced.

(Opin. & Order 10–11, ECF No. 31 (internal citations omitted).)  Relying upon earlier cases from this Court, the Magistrate Judge advised a document "may cast light" and is therefore discoverable if it "is relevant to the issue of coverage, claim processing, or other bases set forth" in Plaintiffs' bad faith claim.  (*Id*. at 10 (citations omitted).)  In reaching this conclusion, the Magistrate Judge rejected Allstate's contention that Ohio's testimonial privilege statue applies to documents, concluding instead that "attorney-client communications in the insurance claims file that were created prior to the denial of coverage are discoverable under the *Boone* exception so long as they 'may cast light' on whether Allstate acted in bad faith."  (*Id*. at 9–10.)

The Magistrate Judge then provided guidance on the appropriate scope of the work-product doctrine and concluded that Allstate's privilege log failed to describe the documents with enough detail to allow the Court to evaluate whether they were properly classified as work product.  The Magistrate Judge therefore ordered Allstate as follows:

> [T]o the extent Allstate continues to maintain that any of the documents it has redacted or withheld as protected under the federal work-product doctrine remain non-discoverable, it is **ORDERED** to submit the documents for *in camera* review

>    **WITHIN FOURTEEN (14) DAYS**, together with a privilege log that complies with Rule 26(b)(5)(A).

(*Id*. at 12.)

With regard to the documents Allstate withheld on the grounds of relevance and trade secret, the Magistrate Judge held as follows:

>    Finally, Allstate asserts that some of the documents it redacted or withheld contain "proprietary matters and/or trade secrets which are not relevant to the case at bar." (Allstate's Mem. in Opp. 18, ECF No. 25.) As discussed above, it is Plaintiffs' burden to demonstrate relevancy. The Court disagrees with Plaintiffs' apparent contention that they have satisfied this burden because anything contained in the insurance claims file must be relevant. The problem here, however, is that the descriptions of the documents Allstate provided in the privilege log fail to convey enough information to enable Plaintiffs or this Court to evaluate whether the at-issue documents are relevant to a claim or defense in this action.
>
>    Accordingly, the Court **DIRECTS** Allstate to provide more detailed descriptions of the documents it redacted or withheld on the basis of relevancy **WITHIN FOURTEEN (14) DAYS**. To the extent that the parties agree that a particular document is relevant but contains trade secret information, the parties should collaborate to agree upon a protective order to facilitate production. If the parties are unable to agree upon the relevancy of a particular document, Allstate is **ORDERED** to submit the disputed documents for *in camera* review.

(*Id*. at 12–13.)

Subsequent to the Opinion and Order, Allstate submitted hundreds of pages of documents to the Magistrate Judge for *in camera* review, together with an updated privilege log. Allstate contemporaneously filed an Objection to the Opinion and Order. (ECF No. 35.) In its Objection, Allstate asserts that the Magistrate Judge's Opinion and Order "only requires . . . unredacted copies of the claim privileged documents to be submitted to her for an *in camera* inspection" and a revised privilege log. (Allstate's Obj. 3, ECF No. 34.) Based upon this characterization, Allstate asserts that it has "fully complied" with the Opinion and Order. (*Id*. at 4.) Allstate indicates that it has no objection to producing the documents *in camera* or to

revising its privilege log.  Allstate continues on, however, to assert that it "does not concede that Plaintiffs have sufficiently pled the issue to require an *in camera* production . . . ."  (*Id.* at 4.)  Despite this statement, Allstate maintains that challenges to the April 22, 2016 Opinion and Order are premature.  Allstate informs the Court that instead of advancing objections to the Opinion and Order, it has decided to wait for the Magistrate Judge's review of and order relating to the hundreds of documents it has submitted.  If Allstate is unsatisfied with the Magistrate Judge's ruling, it will then advance its objections to that ruling and also the April 22, 2016 Opinion and Order.  Allstate purports to "reserve[] [its] right to object" to the April 22, 2016 Opinion and Order and asserts that "this Court must make a *de novo* determination" with regard to its forthcoming objections, if any.  (*Id.* at 3–4.)

## II.

Contrary to Allstate's assertion, it is not entitled to a *de novo* review of the Magistrate Judge's April 22, 2016 Opinion and Order.  The Opinion and Order involves a non-dispositive matter.  Thus, the Court applies the "clearly erroneous" or "contrary to law" standard of review set forth in Federal Rule of Civil Procedure 72(a).

A magistrate judge's factual finding is "clearly erroneous" only when, after reviewing the evidence, the court "is left with the definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  A court will overturn a magistrate judge's legal conclusions only where those conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."  *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992) *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks and citation omitted).

**III.**

Allstate has neither complied with the April 22, 2016 Opinion and Order nor filed a proper objection.

As discussed above, the Magistrate Judge ordered Allstate to *produce* any documents created prior to the denial of coverage that it previously redacted or withheld from production on the grounds of attorney-client privilege that "may cast light" on this issue of whether it acted in bad faith. The Magistrate Judge further defined "may cast light" within this context to include documents "relevant to the issue of coverage, claim processing, or other bases" Plaintiffs set forth in their bad faith claim. The Opinion and Order therefore required Allstate to review all of the documents it had previously withheld as protected by the attorney-client privilege and produce to Plaintiffs any falling within the above-defined scope of discoverable documents. It appears that Allstate failed to review and produce any documents, instead electing to have the Magistrate Judge perform that task for them. Based upon Allstate's representations in its Objection, it appears that it similarly neglected to review the documents it withheld on other bases as the Magistrate Judge ordered. For example, Allstate produced for the Magistrate Judge's *in camera* review documents that it has withheld only on the grounds of trade secret, despite the Magistrate Judge's instruction that the parties collaborate to agree upon a protective order to facilitate production of those documents. The Court is also unable to discern whether Allstate conferred with Plaintiffs to ascertain whether disputes over particular documents remain after Allstate provided Plaintiffs with an updated privilege log.

Allstate's declaration that assertion of objections to the April 22, 2016 Opinion and Order is premature is incorrect, and its purported reservation of rights to object is ineffective. As set forth above, among other findings, the Magistrate Judge rejected Allstate's contention that Plaintiffs' Motion to Compel was premature, concluded that Ohio's testimonial privilege statute does not apply to documents, and relied upon the *Boone* exception to order Allstate to produce attorney-client communications in the insurance claims file that were created prior to the denial of coverage if the documents "may cast light" on the issue of bad faith. To the extent Allstate perceives an error or defect in these findings or any other aspect of the April 22, 2016 Opinion and Order, it is ripe for the Court's review upon a proper objection. Moreover, the Federal Rules do not contemplate enabling parties to take a "wait and see" approach to a magistrate judge's order so that they may decide whether to object at a later stage in the litigation. Instead, Rule 72(a) requires any objections to be filed within fourteen days. Fed. R. Civ. P. 72(a). Should Allstate have objections to any forthcoming order concerning the documents submitted *in camera*, it may raise those objections within fourteen days of that order.

In view of Allstate's noncompliance with the April 22, 2016 Opinion and Order and its defective Objection, the Court will afford Allstate an additional seven days to either file an objection or properly comply with the Magistrate Judge's Opinion and Order. If Allstate elects to comply with the Opinion and Order and the parties require additional time to collaborate to agree upon a protective order or to assess whether disputes remain concerning the relevancy or discoverability of particular documents, it may move the Court for an extension of this deadline. In light of the foregoing, the Magistrate Judge's review of the documents Allstate submitted *in camera* is premature.

**IV.**

For the reasons set forth above, Allstate's Objection to the Magistrate Judge's April 22, 2016 Opinion and Order is **OVERRULED WITHOUT PREJUDICE** to renewal **WITHIN SEVEN (7) DAYS**.  (ECF No. 35.)

**IT IS SO ORDERED.**

          /s/Algenon L. Marbley
      **ALGENON L. MARBLEY**
      **UNITED STATES DISTRICT COURT**

**DATED:  May 10, 2016**